IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

| | | |
|---|---|---|
| BRIAN RICHARDSON, | ) | |
|     Plaintiff, | ) | Civil Action No. 7:23-cv-00639 |
| | ) | |
| v. | ) | |
| | ) | By: Elizabeth K. Dillon |
| SGT. DUTTON, | ) | United States District Judge |
|     Defendant. | ) | |

**MEMORANDUM OPINION**

Plaintiff Brian Richardson, a Virginia prisoner proceeding *pro se*, filed this civil rights action pursuant to 42 U.S.C. § 1983. (Compl., Dkt. No. 1.) He has not paid the filing fee but has sought leave to proceed *in forma pauperis*.

Based on court records, it is clear that at least three of Richardson's previous actions or appeals have been dismissed as frivolous or for failure to state a claim upon which relief may be granted.[1] Put differently, he has at least three prior "strikes" under 28 U.S.C. § 1915(g). Because of this, even if he could prove his indigence, Richardson may not proceed with this case unless he either prepays the entire filing fee—which he has not done—or shows that he is "under imminent danger of serious physical injury." 28 U.S.C. § 1915(g). His complaint, however, fails to allege any imminent danger of serious physical injury. For this reason, discussed in more detail herein, the court will dismiss the complaint in its entirety.

Richardson's claims arise from when he was incarcerated at the Red Onion State Prison. He alleges that on July 18, 2023, defendant Sgt. Dutton verbally coached another inmate to physically harm Richardson. (Compl. at 4.) Richardson goes on to complain about the grievance procedures at ROSP, missing documents, and that ROSP is run with "psychological

---

[1] The cases are *Richardson v. Unknown*, 7:17-cv-212 (W.D. Va. July 28, 2017), *Richardson v. Unknown*, 7:17-cv-447 (W.D. Va. Oct. 23, 2017), and *Richardson v. Davis*, 7:21-cv-559 (W.D. Va. Dec. 10, 2021).

military tactic." (*Id.* at 6.)  He alleges that the Department of Corrections is not aware of criminal activity occurring at ROSP.  (*Id.* at 7.)  Finally, Richardson alleges that Sgt. Dutton persuaded other inmates to throw food trays at Richardson and to spit on Richardson, and that he was subjected to racist, verbal threats.  (*Id.* at 8–9.)

Richardson's complaint does not contain any allegations to support a conclusion that he is in imminent danger of serious physical injury.  For the "imminent danger" exception of § 1915(g) to apply, "an inmate must make 'specific fact allegations of ongoing serious physical injury, or of a pattern of misconduct evidencing the likelihood of imminent serious physical injury.'"  *Johnson v. Warner*, 200 F. App'x 270, 272 (4th Cir. 2006) (quoting *Martin v. Shelton*, 319 F.3d 1048, 1050 (8th Cir. 2003)).  The "imminent danger" must "exist contemporaneously when the action is filed," *Hall v. United States*, 44 F.4th 218, 224 (4th Cir. 2022), as "Congress intended that a three-strikes prisoner have opportunity to ask the court for its aid in addressing a danger that is close at hand, not a past infraction." *Meyers v. Comm'r of Soc. Sec. Admin.*, 801 F. App'x 90, 96 (4th Cir. 2020); *see also Johnson*, 200 F. App'x at 272 (explaining that the imminent danger exception focuses on the possibility of "continuing or future injury, not whether the inmate deserves a remedy for past misconduct").  Richardson has alleged a threat of injury in the past but has not alleged that the threat is ongoing or contemporaneous to the filing of this action.  Nor has he alleged a threat of serious physical injury.  Richardson has thus failed to satisfy the "imminent danger" exception.

As Richardson has neither prepaid the filing fee nor demonstrated that he is "under imminent danger of serious physical injury," the court will dismiss the complaint without prejudice pursuant to 28 U.S.C. § 1915(g).  An appropriate order will be entered.

Entered: October 12, 2023.

/s/ Elizabeth K. Dillon
Elizabeth K. Dillon
United States District Judge